BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Telephone:   949.863.3363
Facsimile:   949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HENRY SACAYAN and CATHERINE ANGELA McNICOLAS SACAYAN<br><br>Debtor, | Case No. 6:18-bk-12992-MH<br><br>Chapter Number: 13<br><br>**SECURED CREDITOR TRINITY FINANANCIAL SERVICES, LLC'S OBJECTION TO FIRST AMENEDED CHAPTER 13 PLAN**<br><br>**Plan Confirmation Hearing:**<br><br>Date:    June 14, 2018<br>Time:   11:00 a.m.<br>Ctrm:   303 |

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby objects (the "Objection") to confirmation of the Debtor's proposed First Amended Chapter 13 Plan [Docket No. 16] (the "Plan") in the above-referenced matter. This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing. In support of its Objection, Trinity respectfully states as follows:

**I.    INTRODUCTION**

Trinity requests that the Court deny confirmation of the Debtor's Plan, as it entirely fails to provide for Trinity's claim. Debtor's plan proposes to pay Trinity nothing on account of its

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4811-9017-5847 v1
06836-0120

- 1 -

8:17-BK-13985-TA
OBJECTION TO PLAN

secured claim. For the reasons set forth herein, the Court should deny confirmation of the Plan unless Debtor amends the Plan to provide for Trinity's claim.

## II. STATEMENT OF FACTS

1. Trinity's Note is secured by a second deed of trust encumbering the Debtors' principal residence, the real property commonly known as 32283 Daisy Dr., Winchester, CA 92596 (the "Property").

2. Trinity, directly or through an agent, is in possession of the original Note.

## III. ARGUMENT

3. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtors fail to meet this burden.

### A. The Plan Cannot Be Confirmed Because It Does Not Provide for the Full Value of Secured Creditors' Claims

4. 11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm any Chapter 13 Plan, the court must be satisfied . . . that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1986).

5. Section 1322(b)(2) states that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Trinity's claim is secured by the Property, which is the Debtor's principal residence. Thus, the plan may not modify Trinity's secured claim. *See Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 329, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993)

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4811-9017-5847 v1
06836-0120

- 2 -

6:18-BK-12992-MH
OBJECTION TO PLAN

(determination that bank's claim is partially secured "does not necessarily mean that the 'rights' the bank enjoys as a mortgagee, which are protected by § 1322(b)(2), are limited by the valuation of its secured claim.").

6. The Plan cannot be confirmed as proposed because the Debtor's proposed provisions fail to treat Trinity's secured claim. The Plan fails to provide for the cure of Trinity's pre-petition arrears, and thus violates Section 1322(b)(5). The Plan also fails to provide for monthly payments on Trinity's claim going forward. As the Plan fails to treat Trinity's claim, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

### B. The Plan is Not Proposed in Good Faith and is Not Feasible

7. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. *In re Craig,* 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing *In re Anderson*, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Here, the Debtor has not provided sufficient evidence that her Chapter 13 plan is feasible or proposed in good faith.

8. The Debtors are required to commit all of their disposable income to the Plan. That monthly net income is scheduled at $3,503.52 on Schedule J [Docket No. 1 at 35]. However, the Plan commits this amount to the payment of creditors only for two of the Plan's sixty total months. The Debtors have failed to explain why they do not commit their disposable income. As such, the Plan is not proposed in good faith.

9. The Plan is not feasible because the Debtors' proposed plan payments are insufficient to cure or maintain Trinity's lien. The Debtors scheduled Trinity's lien at the amount of $126,491.83.[1] However, the Debtors will be required to apply additional amounts monthly to the Plan in order to provide for a prompt cure of the pre-petition arrearages owed to Trinity in sixty (60) months, as required by 11 U.S.C. § 1322(b)(5). As the monthly plan payment sufficient to cure Trinity's pre-petition arrears will exceed the Debtors' available net income, the Debtors lack sufficient monthly disposable income with which to fund the Plan. Accordingly, the Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed.

---

[1] Trinity's proof of claim is forthcoming.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4811-9017-5847 v1
06836-0120

- 3 -

6:18-BK-12992-MH
OBJECTION TO PLAN

Case 6:18-bk-12992-MH    Doc 30    Filed 05/30/18    Entered 05/30/18 17:15:53    Desc
Main Document    Page 4 of 6

## IV. **CONCLUSION.**

Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed; or in the alternative, that the Plan be amended to provide for the payment of Trinity's claim.

Dated: May 30, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4811-9017-5847 v1
06836-0120

- 4 -

6:18-BK-12992-MH
OBJECTION TO PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Burke, Williams & Sorensen, LLP, 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**

**A** true and correct copy of the foregoing document entitled (*specify*):   **CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CHAPTER 13 PLAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **05/30/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Bret D. Allen**   ca.ecf@bretallen.com, bankruptcy@bretallen.com
- **Ethan Kiwhan Chin**   ethan@ethanchinlaw.com
- **Rod Danielson (TR)**   notice-efile@rodan13.com
- **Rafael R Garcia-Salgado**   rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- **Nancy L Lee**   bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- **Sejal Parmar**   sparmar2@aissolution.com
- **Richard J Reynolds**   rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- **Valerie Smith**   claims@recoverycorp.com
- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **05/30/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:** Charles Henry Sacayan, 32283 Daisy Dr., Winchester, CA 92596
**Debtor:** Catherine Angela McNicholas Sacayan, 32283 Daisy Dr., Winchester, CA 92596
**Judge:** Honorable Mark D. Houle, United States Bankruptcy Court, Central District of California, 3420 Twelfth Street, Suite 365, Riverside, CA 92501-3819

☐ Service information continued on attached page

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4811-9017-5847 v1
06836-0120

- 5 -

6:18-BK-12992-MH
OBJECTION TO PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **05/30/18** | Bernadette C. Antle | /s/ *Bernadette C. Antle* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4811-9017-5847 v1
06836-0120

- 6 -

6:18-BK-12992-MH
OBJECTION TO PLAN