BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Telephone:   949.863.3363
Facsimile:   949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HENRY SACAYAN and CATHERINE ANGELA McNICOLAS SACAYAN<br><br>Debtor, | Case No.  6:18-bk-12992-MH<br><br>Chapter Number:  13<br><br>**SECURED CREDITOR TRINITY FINANANCIAL SERVICES, LLC'S OBJECTION TO SECOND AMENEDED CHAPTER 13 PLAN**<br><br>**Plan Confirmation Hearing:**<br><br>Date:    June 28, 2018<br>Time:   11:00 a.m.<br>Ctrm:   303 |

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby objects (the "Objection") to confirmation of the Debtor's proposed Second Amended Chapter 13 Plan [Docket No. 34] (the "Plan") in the above-referenced matter.  This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.  In support of its Objection, Trinity respectfully states as follows:

**I.    INTRODUCTION**

Trinity requests that the Court deny confirmation of the Debtors' Plan, as it fails to provide for Trinity's claim as a secured claim.  The Plan sets out a strip off of Trinity's lien, yet

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4832-2951-1019 v2
06836-0120

- 1 -

6:18-BK-12992-MH
OBJECTION TO 2ND AMENDED PLAN

the Debtors clearly have the income necessary to pay Trinity's lien in full. Given this, the Debtors have not articulated any reason why they should still be permitted to expend the Court's and the parties' time with an evidentiary lien strip dispute. For the reasons set forth herein, the Court should deny confirmation of the Plan unless the Debtors amend the Plan to treat Trinity's lien as secured.

## II. STATEMENT OF FACTS

1. Trinity's Note is secured by a second deed of trust encumbering the Debtors' principal residence, the real property commonly known as 32283 Daisy Dr., Winchester, CA 92596 (the "Property").

2. Trinity, directly or through an agent, is in possession of the original Note.

3. Trinity's claim is on file as Claim #14-1 in the Court's Claims Register, listing $39,705.23 in prepetition arrearages, for a total debt of $127,034.60

## III. ARGUMENT

4. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtors fail to meet this burden.

### A. The Plan Cannot Be Confirmed Because It Does Not Provide for the Full Value of Secured Creditors' Claims

5. 11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm any Chapter 13 Plan, the court must be satisfied . . . that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1986).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4832-2951-1019 v2
06836-0120

- 2 -

6:18-BK-12992-MH
OBJECTION TO SECOND AMENDED PLAN

6. Section 1322(b)(2) states that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Trinity's claim is secured by the Property, which is the Debtor's principal residence. Thus, the plan may not modify Trinity's secured claim. *See Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 329, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993) (determination that bank's claim is partially secured "does not necessarily mean that the 'rights' the bank enjoys as a mortgagee, which are protected by § 1322(b)(2), are limited by the valuation of its secured claim.").

7. The Plan cannot be confirmed as proposed because the Debtor's proposed provisions fail to treat Trinity's secured claim. The Plan fails to provide for the cure of Trinity's pre-petition arrears, and thus violates Section 1322(b)(5). The Plan also fails to provide for monthly payments on Trinity's secured claim going forward. As the Plan fails to treat Trinity's claim, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

**B.     The Plan is Not Proposed in Good Faith**

8. "Bankruptcy Code section 1325(a)(3) requires that a plan be filed in good faith. 'Good faith' is not statutorily defined and must be determined on a case-by-case basis and on the totality of the circumstances and the particular features of each chapter 13 plan. *In re Padilla,* 213 B.R. 349, 352 (9th Cir. B.A.P. 1997) (citing *In re Goeb,* 675 F.2d 1386 (9th Cir. 1982)). 'The burden of establishing good faith is on the debtor. This burden is particularly heavy when a 'superdischarge' is sought—*i.e.,* the discharge of debts that would not be dischargeable in a chapter 7 case.' *Id.*" *In re Thornhill*, 268 B.R. 570, 572 (Bankr. E.D. Cal. 2001) (quoting *In re Warren,* 89 B.R. 87 (9th Cir. BAP 1988)).

9. The Plan is not proposed in good faith because this case was filed solely to prevent one secured creditor's enforcement of its lien rights. First, the Debtors filed this petition to enjoin Trinity's enforcement of its deeply delinquent loan, yet the Debtors have no arrears at all on their first lien or their 2018 BMW car lease. This is textbook bad faith. *See In re Leavitt*, 209 B.R. 935, 940 (B.A.P. 9th Cir. 1997), *aff'd*, 171 F.3d 1219 (9th Cir. 1999) ("bad faith exists where the debtor filed a petition only with the intention to defeat state court litigation"); *In re Powers*, 135

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4832-2951-1019 v2
06836-0120

- 3 -

6:18-BK-12992-MH
OBJECTION TO SECOND AMENDED PLAN

1  B.R. 980, 992 (Bankr. C.D. Cal. 1991) (bad faith where "The petition was filed on the eve of

2  foreclosure" and "There is no pressure from non-moving creditors."). Courts have thus found bad

3  faith justifying dismissal of a bankruptcy case where the "sole purpose of the plan is to delay and

4  frustrate the efforts of a single secured creditor in the enforcement of his lien rights." *In re*

5  *Poston*, 78 B.R. 308, 309 (Bankr. N.D. Fla. 1987); *In re Landmark Capital Co.,* 27 B.R. 273, 279

6  (Bankr. D. Ariz. 1983) (dismissal for bad faith filing where "sole purpose of the filing" of the

7  bankruptcy proceeding was to frustrate a foreclosure).

8      10.    Given the Debtors' above-median income, it is fairly clear that this bankruptcy

9  petition's sole purpose is to strip Trinity's lien. This is another sign of bad faith. *See In re*

10  *Ingram*, No. 11-13216, 2012 WL 10812, at *1 (Bankr. N.D. Cal. Jan. 3, 2012), *aff'd sub nom.*

11  *Ingram v. Burchard*, 482 B.R. 313 (N.D. Cal. 2012) (denying confirmation of a plan intended

12  only to strip a lien and pay attorney's fees, noting that "it is generally considered to be bad faith

13  to manipulate the Bankruptcy Code to achieve a result not permitted in Chapter 7"). Courts agree

14  that the sole purpose of a bankruptcy plan may not be "to restructure the claims of secured

15  creditors in general." *In re Jordan*, 330 B.R. 857, 861 (Bankr. M.D. Ga. 2005).

16      11.    The Plan in this case violates the above-cited authorities because the whole intent

17  of the Plan is to strip Trinity's lien and remove its ability to foreclose if the Debtors falter in

18  carrying out the Plan. Due to their high income, the Debtors will still have to pay 100% of

19  Trinity's lien even if they do succeed in stripping it. The Debtors' creditors should therefore not

20  have to bear the increased administrative expense of a lien strip dispute when the Debtors are

21  ready and able to pay all claims in full. Instead, in the best interests of creditors, the Court should

22  deny the Debtors' pending lien avoidance motion and require an amended plan that treats

23  Trinity's claim as secured.

24  ///

25  ///

26  ///

27  ///

28

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4832-2951-1019 v2
06836-0120

- 4 -

6:18-BK-12992-MH
OBJECTION TO SECOND AMENDED PLAN

## IV. **CONCLUSION.**

Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed; or in the alternative, that the Plan be amended to provide for the payment of Trinity's secured claim.

Dated: June 20, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: _/s/ Rafael Garcia_____
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4832-2951-1019 v2
06836-0120

- 5 -

6:18-BK-12992-MH
OBJECTION TO SECOND AMENDED PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Burke, Williams & Sorensen, LLP, 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**

A true and correct copy of the foregoing document entitled (*specify*):
**CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **06/21/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Bret D. Allen**   ca.ecf@bretallen.com, bankruptcy@bretallen.com
- **Ethan Kiwhan Chin**   ethan@ethanchinlaw.com
- **Rod Danielson (TR)**   notice-efile@rodan13.com
- **Rafael R Garcia-Salgado**   rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- **Nancy L Lee**   bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- **Sejal Parmar**   sparmar2@aissolution.com
- **Richard J Reynolds**   rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- **Valerie Smith**   claims@recoverycorp.com
- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **06/21/2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**Debtor:** Charles Henry Sacayan, 32283 Daisy Dr., Winchester, CA 92596
**Debtor:** Catherine Angela McNicholas Sacayan, 32283 Daisy Dr., Winchester, CA 92596
**Judge:** Honorable Mark D. Houle, United States Bankruptcy Court, Central District of California, 3420 Twelfth Street, Suite 365, Riverside, CA 92501-3819

☐ Service information continued on attached page

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4832-2951-1019 v2
06836-0120

- 6 -

6:18-BK-12992-MH
OBJECTION TO SECOND AMENDED PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **06/21/2018** | Tahira Mims | /s/ Tahira Mims |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4832-2951-1019 v2
06836-0120

- 7 -

6:18-BK-12992-MH
OBJECTION TO SECOND AMENDED PLAN