1   BURKE, WILLIAMS & SORENSEN, LLP
    Richard J. Reynolds, Bar No. 89911
2   Rafael R. Garcia-Salgado, Bar No. 283230
    1851 East First Street, Suite 1550
3   Santa Ana, CA  92705-4067
    Telephone:     949.863.3363
4   Facsimile:     949.863.3350

5   Attorneys for Creditor
    TRINITY FINANCIAL SERVICES, LLC

6

7

8                   UNITED STATES BANKRUPTCY COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        RIVERSIDE DIVISION

11

12   CHARLES HENRY SACAYAN and          Case No.  6:18-bk-12992-MH
     CATHERINE ANGELA McNICOLAS
     SACAYAN                            Chapter Number:  13
13
                  Debtor,              **SECURED CREDITOR TRINITY
14                                      FINANACIAL SERVICES, LLC'S
                                        OBJECTION TO THIRD AMENEDED
15                                      CHAPTER 13 PLAN**

16                                      **Plan Confirmation Hearing:**

17                                      Date:    **July 19, 2018**
                                        Time:    **11:00 a.m.**
18                                      Ctrm:    **303**

19

20        TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby objects (the "Objection") to

21   confirmation of the Debtor's proposed Third Amended Chapter 13 Plan [Docket No. 43] (the

22   "Plan") in the above-referenced matter.  This Objection is based on the authorities cited herein

23   and on such additional submissions and argument as may be presented at or before the

24   confirmation hearing.  In support of its Objection, Trinity respectfully states as follows:

25   **I.      INTRODUCTION**

26        Trinity requests that the Court deny confirmation of the Debtors' Plan, as the Debtors fail

27   to contribute all of their disposable income to the Plan.  The Debtors' Schedule J reflects that the

28   Debtors have disposable income in the amount of $3,503.52 [Docket No. 1 at page 35].

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4845-7826-4685 v1          - 1 -          6:18-BK-12992-MH
06836-0120                              OBJECTION TO THIRD AMENDED PLAN

1    However, the Debtors are only contributing $2,205.00 per month to the Plan [Docket No. 45 at

2    Page 3]. In fact, the Debtors are now proposing to contribute fewer funds per month to the Plan

3    than was proposed on their Second Amended Plan, wherein the Debtors indicated they would

4    contribute $3,793.00 per month to the Plan [Docket No. 34 at Page 2]. The Debtors should be

5    required to contribute all of their disposable income to the Plan, which would allow for creditors

6    to exit from this bankruptcy much more quickly.

7    **II.**    **STATEMENT OF FACTS**

8       1.     Trinity's Note is secured by a second deed of trust encumbering the Debtors'

9    principal residence, the real property commonly known as 32283 Daisy Dr., Winchester, CA

10   92596 (the "Property").

11      2.     Trinity, directly or through an agent, is in possession of the original Note.

12      3.     Trinity's claim is on file as Claim #14-1 in the Court's Claims Register, listing

13   $39,705.23 in prepetition arrearages, for a total debt of $127,034.60.

14    **III.**    **ARGUMENT**

15      4.     The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to

16   confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the

17   conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*,

18   89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtors fail to meet

19   this burden.

20      A.     **The Plan is Not Proposed in Good Faith Because It Fails to Commit the**
           **Debtors' Disposable Income**

21      5.     "Bankruptcy Code section 1325(a)(3) requires that a plan be filed in good faith.

22   'Good faith' is not statutorily defined and must be determined on a case-by-case basis and on the

23   totality of the circumstances and the particular features of each chapter 13 plan. *In re Padilla*, 213

24   B.R. 349, 352 (9th Cir. B.A.P. 1997) (citing *In re Goeb*, 675 F.2d 1386 (9th Cir. 1982)). 'The

25   burden of establishing good faith is on the debtor. This burden is particularly heavy when a

26   'superdischarge' is sought—*i.e.,* the discharge of debts that would not be dischargeable in a

27   chapter 7 case.' *Id.*" *In re Thornhill*, 268 B.R. 570, 572 (Bankr. E.D. Cal. 2001) (quoting *In re*

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4845-7826-4685 v1
06836-0120       - 2 -       6:18-BK-12992-MH
OBJECTION TO THIRD AMENDED PLAN

1  *Warren*, 89 B.R. 87 (9th Cir. BAP 1988)).

2        6.     The Plan is not proposed in good faith because this case was filed solely to prevent

3  one secured creditor's enforcement of its lien rights.  First, the Debtors filed this petition to enjoin

4  Trinity's enforcement of its deeply delinquent loan, yet the Debtors have no arrears at all on their

5  first lien or their 2018 BMW car lease.  This is textbook bad faith.  *See In re Leavitt*, 209 B.R.

6  935, 940 (B.A.P. 9th Cir. 1997), *aff'd*, 171 F.3d 1219 (9th Cir. 1999) ("bad faith exists where the

7  debtor filed a petition only with the intention to defeat state court litigation"); *In re Powers*, 135

8  B.R. 980, 992 (Bankr. C.D. Cal. 1991) (bad faith where "The petition was filed on the eve of

9  foreclosure" and "There is no pressure from non-moving creditors.").  Courts have thus found bad

10  faith justifying dismissal of a bankruptcy case where the "sole purpose of the plan is to delay and

11  frustrate the efforts of a single secured creditor in the enforcement of his lien rights."  *In re

12  Poston*, 78 B.R. 308, 309 (Bankr. N.D. Fla. 1987); *In re Landmark Capital Co.*, 27 B.R. 273, 279

13  (Bankr. D. Ariz. 1983) (dismissal for bad faith filing where "sole purpose of the filing" of the

14  bankruptcy proceeding was to frustrate a foreclosure).

15        7.     Given the Debtors' above-median income, it is fairly clear that this bankruptcy

16  petition's sole purpose was to strip Trinity's lien.  This is another sign of bad faith.  *See In re

17  Ingram*, No. 11-13216, 2012 WL 10812, at *1 (Bankr. N.D. Cal. Jan. 3, 2012), *aff'd sub nom.

18  Ingram v. Burchard*, 482 B.R. 313 (N.D. Cal. 2012) (denying confirmation of a plan intended

19  only to strip a lien and pay attorney's fees, noting that "it is generally considered to be bad faith

20  to manipulate the Bankruptcy Code to achieve a result not permitted in Chapter 7").  Courts agree

21  that the sole purpose of a bankruptcy plan may not be "to restructure the claims of secured

22  creditors in general."  *In re Jordan*, 330 B.R. 857, 861 (Bankr. M.D. Ga. 2005).

23        8.     Having now failed their attempt to strip Trinity's lien, the Debtors now try to slow-

24  walk this bankruptcy case by committing only about half of their disposable income to the plan.

25  Section 1325(b)(1)(B) requires "that all of the debtor's projected disposable income . . . will be

26  applied to make payments to unsecured creditors under the plan."  The Debtors in this case fail

27  this requirement. The Debtors' monthly net income of $3,503.52 should be committed in its

28  entirety to plan payments, rather than the proposed $2,205.00.  *See In re Kibbe*, 361 B.R. 302,

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4845-7826-4685 v1
06836-0120

- 3 -

6:18-BK-12992-MH
OBJECTION TO THIRD AMENDED PLAN

314 (B.A.P. 1st Cir. 2007) (affirming denial of confirmation for a plan, stating, "We hold that the income component of 'projected disposable income' as set forth in § 1325(b)(1)(B) is the anticipated *actual* income of the Debtor, subject to the Income Exclusions, during the plan commitment period.").

9.    If the Court is inclined to confirm the Debtors' plan without the Debtors committing all of their projected disposable income, then the Debtors should be required to pay interest on all claims.  *See In re Braswell*, No. BR 13-60564-FRA13, 2013 WL 3270752, at *1 (Bankr. D. Or. June 27, 2013) (sustaining a trustee's objection to confirmation, noting "If the Debtor wishes to pay less than his projected disposable income into the plan, then he must pay all unsecured claims in full, with interest calculated at 5.75% per annum, unless other terms acceptable to the Trustee are made.").  This compensates creditors for their increased risk from having to wait sixty months to be paid in full.  *See id.* at *5.

10.    In light of the above authorities, the Court should deny confirmation of the Debtors' plan and dismiss this case for the Debtors' failure to propose a confirmable plan.

## IV.    <u>CONCLUSION.</u>

Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed and this case dismissed.


Dated: July 16, 2018                                    Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP



By:    _____
                  Richard J. Reynolds
                  Rafael R. Garcia-Salgado
                  Attorneys for Creditor
                  TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4845-7826-4685 v1
06836-0120                          - 4 -

6:18-BK-12992-MH
OBJECTION TO THIRD AMENDED PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Burke, Williams & Sorensen, LLP, 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**

A true and correct copy of the foregoing document entitled (*specify*):

**SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO THIRD AMENDED CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **07/16/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Bret D. Allen**    ca.ecf@bretallen.com, bankruptcy@bretallen.com
- **Ethan Kiwhan Chin**    ethan@ethanchinlaw.com
- **Rod Danielson (TR)**    notice-efile@rodan13.com
- **Rafael R Garcia-Salgado**    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- **Nancy L Lee**    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- **Sejal Parmar**    sparmar2@aissolution.com
- **Richard J Reynolds**    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **07/16/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:** Charles Henry Sacayan, 32283 Daisy Dr., Winchester, CA 92596
**Debtor:** Catherine Angela McNicholas Sacayan, 32283 Daisy Dr., Winchester, CA 92596
**Judge:** Honorable Mark D. Houle, United States Bankruptcy Court, Central District of California, 3420 Twelfth Street, Suite 365, Riverside, CA 92501-3819

☐ Service information continued on attached page

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4845-7826-4685 v1
06836-0120

- 5 -

6:18-BK-12992-MH
OBJECTION TO THIRD AMENDED PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **07/16/18** | Johnnelle Gomez | /s/ Johnnelle Gomez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4845-7826-4685 v1
06836-0120

- 6 -

6:18-BK-12992-MH
OBJECTION TO THIRD AMENDED PLAN